UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DAWN R. BELL,

    Plaintiff,

v.

SAULT TRIBE OF
CHIPPEWA INDIANS, et al.,

    Defendants.
_____/

Case No. 2:22-cv-00069

Hon. Jane M. Beckering
U.S. District Judge

## REPORT AND RECOMMENDATION

### I. Introduction

Plaintiff Dawn R. Bell filed this complaint against the following Defendants: the Sault Tribe of Chippewa Indians, Sault Ste. Marie Police Department, City of Sault Ste. Marie, the Sault Ste. Marie Downtown Development Authority, and Haan Development. (ECF No. 1, PageID.2.) Bell identifies herself as a resident of Burlington, Vermont. (*Id*., PageID.1.) She asserts that the federal courts have jurisdiction based on diversity and federal question. (*Id*., PageID.3.) Bell says that Defendants violated the "RICO ACT." (*Id*.)

Bell, who is proceeding *in forma pauperis*, has failed to present any specific allegations against any of the named Defendants. It is respectfully recommended that the Court dismiss the complaint for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

1

## II. Factual Allegations

Bell says that Defendants violated the "RICO ACT", which the undersigned understands to be the Racketeer Influenced and Corrupt Organizations Act (RICO), which is codified at 18 U.S.C. §§ 1961 to 1968. Her complaint is some 12 pages in length but includes only one factual assertion of wrongdoing by Defendants. Bell makes the following claim against Defendants:

> THESE AGENCIES LISTED HAVE BEEN ALLOWED BY THE STATE OF MICHIGAN AND SEVERAL OTHER STATES INVOVLED IN MY CASE,TO TERRORIZE,BELITTLE,COERCE,KIDNAP,AND TRAFFIC,WITHOUT ANYONE DOING ANYTHING ABOUT THE SITUATION EXCEPT WHEN IT COULD HELP SOMEONE'S POLITICAL GAIN,THIS WOULD TAKE WORLD AUTHORITIES TO GET INVOVLED. THESE CRIMES TOOK PLACE IN FROM 2017- PRESENT.

(ECF No. 1, PageID.9.)

In the section of her complaint entitled "Relief", she further states:

> THESE AGENCIES RUINED MY LIFE,IN EVERYWAY,ESPECIALLY WITH PTSD,THEY STOLE MY LAND,AND DESTROYED EVERYTHING IN WHICH I VALUED,INCLUDING MY HEALTH.THESE AGENCYS TRIED TO MURDER MYSELF AND MY CHILDREN FOR ATTEMPTING TO FILE LAWSUITS,

(*Id.*)

Bell asserts that the amount in controversy is 10 billion dollars. (*Id.*)

## III. Standard of Review

Bell initially filed her complaint in the Eastern District of Michigan. Bell's complaint was subsequently transferred to the Western District of Michigan. (ECF No. 5.) When Bell filed her complaint, she also applied to proceed without prepayment of fees or costs. (ECF No. 2.) On April 8, 2022, the undersigned entered an order allowing Bell to proceed *in forma pauperis*. (ECF No. 8.)

Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss any action brought *in forma pauperis* if the action is (1) frivolous or malicious; (2) fails to state a claim on

which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.* The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Although the plausibility standard is not equivalent to a "'probability requirement, . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556).

In addition, the Court must read Plaintiff's *pro se* complaint indulgently, see *Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

**IV. Analysis**

It is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants. *See Twombly*, 550 U.S. at 545 (holding that, in order to state a claim, a plaintiff must make sufficient allegations to give a defendant fair notice of

3

the claim). The Sixth Circuit "has consistently held that damage claims against government officials arising from alleged violations of constitutional rights must allege, with particularity, facts that demonstrate what each defendant did to violate the asserted constitutional right." *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008) (citing *Terrance v. Northville Reg'l Psych. Hosp.*, 286 F.3d 834, 842 (6th Cir. 2002)). Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints. *See Pann v. Hadden*, 2022 WL 765494 (W.D. Mich. March 14, 2022) (dismissing the plaintiff's claims where the complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights) (citing *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002)); *Griffin v. Montgomery*, No. 00-3402, 2000 WL 1800569, at *2 (6th Cir. Nov. 30, 2000) (requiring allegations of personal involvement against each defendant) (citing *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir. 1998)); *Rodriguez v. Jabe*, No. 90-1010, 1990 WL 82722, at *1 (6th Cir. June 19, 1990) ("Plaintiff's claims against those individuals are without a basis in law as the complaint is totally devoid of allegations as to them which would suggest their involvement in the events leading to his injuries.").

Bell has failed to allege any conduct by any of the named Defendants that could rise to the level of violating her rights. Federal Rule of Civil Procedure 8(a)(2) requires a pleading to include "a short and plain statement of the claim showing the pleader is entitled to relief." Bell has failed to allege facts against each named

4

Defendant showing that she is entitled to relief against that Defendant. Bell's conclusory allegations fail to assert that Defendants engaged in any conduct that could have violated Bell's rights. Bell needed to assert more than a general allegation that Defendants violated the "RICO ACT." She has failed to do so.

Pursuant to 18 U.S.C. § 1964(c), a person injured in his or her business or property by reason of a violation of 18 U.S.C. § 1962, may sue in the appropriate U.S. District Court.

Title 18, United States Code, Section 1962 provides as follows:

**(a)** It shall be unlawful for any person who has received any income derived, directly or indirectly, from a pattern of racketeering activity or through collection of an unlawful debt in which such person has participated as a principal within the meaning of section 2, title 18, United States Code, to use or invest, directly or indirectly, any part of such income, or the proceeds of such income, in acquisition of any interest in, or the establishment or operation of, any enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce. A purchase of securities on the open market for purposes of investment, and without the intention of controlling or participating in the control of the issuer, or of assisting another to do so, shall not be unlawful under this subsection if the securities of the issuer held by the purchaser, the members of his immediate family, and his or their accomplices in any pattern or racketeering activity or the collection of an unlawful debt after such purchase do not amount in the aggregate to one percent of the outstanding securities of any one class, and do not confer, either in law or in fact, the power to elect one or more directors of the issuer.

**(b)** It shall be unlawful for any person through a pattern of racketeering activity or through collection of an unlawful debt to acquire or maintain, directly or indirectly, any interest in or control of any enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce.

**(c)** It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the

conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt.

**(d)** It shall be unlawful for any person to conspire to violate any of the provisions of subsection (a), (b), or (c) of this section.

Bell's complaint does not specify the subsection of Section 1962 under which she is proceeding. "[T]o maintain a civil RICO suit, a plaintiff must allege an injury to [her] business or property by reason of the RICO violation." *Smith v. Lerner, Sampson & Rothfuss, L.P.A.*, 658 F. App'x 268, 278 (6th Cir. 2016) (citation and internal quotation marks omitted). "To proceed beyond a motion to dismiss on a Civil RICO claim, a plaintiff must plausibly allege . . . , as to each defendant, that the defendant: (i) conducted, (ii) an enterprise, (iii) through a pattern (i.e., two or more acts), of (iv) racketeering activity." *Compound Prop. Mgmt., LLC v. Build Realty, Inc.*, 462 F. Supp. 3d 839, 855 (S.D. Ohio 2020) (citation omitted). Bell's complaint does not even come close to the standard required to state a claim upon which relief may be granted under RICO. Bell has failed to assert factual allegations against any Defendant that could state a civil RICO violation.

## V. Recommendation

The undersigned respectfully recommends that the Court dismiss the complaint for a failure to state a claim. If the Court accepts this recommendation, the case will be dismissed.

Dated:  May 23, 2022                                                            /s/ *Maarten Vermaat*
                                                                                                    MAARTEN VERMAAT
                                                                                                    U. S. MAGISTRATE JUDGE

**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).